**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GLENN DICKERSON, | |
| Plaintiff, | |
| v. | Case No. |
| VALTECH, LLC, | JURY TRIAL DEMANDED |
| Defendant. | |

## COMPLAINT

The Plaintiff, Glenn Dickerson, submits his Complaint against the Defendant, Valtech, LLC, and alleges as follows:

### JURISDICTION AND VENUE

1.  This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201, and the Lanham Act, 15 U.S.C. § 1051 *et seq.*

2.  This court has subject-matter jurisdiction over this action under 28 U.S.C. § 1331 because the Plaintiff's claim for a declaratory judgment of non-infringement arises under the Lanham Act.

3.  This court has supplemental jurisdiction under 28 U.S.C. § 1367 over both pendent state-law claims brought in this action because they are so related to the Lanham Act claim for which this court has original jurisdiction that they form part of the same controversy.

4.  This court also has subject-matter jurisdiction over this action under 28 U.S.C. §

1

1332(a)(1) because the amount in controversy exceeds the sum or value of $75,000 (exclusive of interest and costs) and because the parties are citizens of different States.

5.  The value of the sought-after declaratory and injunctive relief exceeds $75,000 because the Plaintiff reasonably would expect to generate more than $75,000 in income through the sale of the products described below on Amazon.com but for the Defendant's false claims of trade-dress infringement. The value of the object of the litigation, from the Plaintiff's perspective, is based on a good-faith estimate of these lost prospective profits, supported by gross sales in the period immediately preceding the controversy between the parties.

6.  The value of the damages the Plaintiff seeks, in addition to a declaratory judgment and injunction, is based on a reasonable good-faith estimate of the lost profits that have been, and will be, incurred through the date of judgment following Amazon.com's removal of the pertinent online advertisements. As alleged below, the Defendant's false claims of trade-dress infringement proximately caused this removal and product de-listing on Amazon.com.

7.  The Plaintiff, Glenn Dickerson, is a citizen of the State of Texas. The Defendant, Valtech, LLC is an Illinois limited liability company with its principal place of business at 1424 Sherman Road, Romeoville, Illinois 60446. Upon information and belief, the sole Member of Valtech, LLC is Rudolph M. Valenta. Upon further information and belief, Valenta is a citizen of the State of Illinois and resides at 7919 Buck Trail Drive, Burr Ridge, Illinois 60527. Therefore, the parties are completely diverse in their citizenship.

8.  This court has personal jurisdiction over Valtech, LLC because its principal place

of business is in Illinois and because it regularly and systematically transacts business from Illinois.

9. Venue is proper in this district under 28 U.S.C. § 1391(b)(1) because Valtech, LLC resides in the Northern District of Illinois.

10. Venue alternatively is proper in this district under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to the Plaintiff's claims occurred within the Northern District of Illinois. In particular, Valtech, LLC's false claims of trade-dress infringement originated from the offices of its legal counsel, McAndrews Held & Malloy Ltd., 500 West Madison Street, 34th Floor, Chicago, Illinois 60661.

## PARTIES

11. Glenn Dickerson is a resident of Houston, Texas. He is the Amazon.com-registered seller of a line of children's toys known as *Connectics Magnetic Play Tiles* (the "Connectics Tiles").

12. Until Valtech demanded that Amazon.com remove the online advertisements for the Connectics Tiles, Dickerson sold those toys under an Amazon Standard Identification Number (called an "ASIN") B01M1JZE57. At no time has Dickerson sold the Connectics Tiles through any online portal or retail channel besides Amazon.com.

13. Valtech sells magnetic children's play tiles under the name Magna-Tiles®. The principal member of Valtech, Rudolph Valenta, owns a federal trademark registration for the word mark "Magna-Tiles" (U.S. Reg. No. 2,654,320).

## NATURE OF THE ACTION

14. Dickerson brings this action for a declaratory judgment that the Connectics Tiles

do not infringe on the federal trade-dress rights that Valtech has claimed in its own Magna-Tiles® products. He also seeks preliminary and permanent injunctive relief to: (a) preclude Valtech from representing to Amazon.com or any other party that the Connectics Tiles infringe on Valtech's claimed trade-dress rights; and (b) order Valtech to submit the appropriate retraction to Amazon.com concerning its false claim of infringement.

15. Dickerson seeks this relief because Valtech, through its counsel, has represented to Amazon.com that the Connectics Tiles are "counterfeit." In so doing, Valtech lodged an internal complaint through Amazon.com's informal, online procedure regarding claims of intellectual property infringement.

16. As a result of this internet submission, Amazon.com has removed Dickerson's online advertisement for the Connectics Tiles.

17. Though Dickerson has demanded that Valtech retract its online complaint, Valtech has refused to do so. It continues to assert common-law trade-dress rights in the Magna-Tiles®.

18. By proceeding through the Amazon.com website and registering an infringement claim, Valtech has obtained the equivalent of a permanent injunction against Dickerson.

19. Amazon.com, though, is not capable of "litigating" a Lanham Act trade-dress dispute through its online notice-and-takedown procedure.

20. In fact, claims of trade-dress infringement appear nowhere on the Amazon.com list of "Intellectual Property Violations" for which suspension of selling privileges may

occur.[1] And as alleged below, Amazon.com's automated "Seller Support" personnel misconstrued even the fundamental basis for Valtech's online complaint, representing falsely to Dickerson that Valtech complained he was using the Magna-Tiles® name to sell the Connectics Tiles. Indeed, Dickerson never has done so.

21. Each element of Valtech's claimed trade dress in the Magna-Tiles® is functional and, therefore, not protectable under the Lanham Act. Put another way, even if Amazon.com understood the nature of Valtech's infringement claim, that complaint lacks merit and only stifles permissible competition.

22. Valtech's unsupported allegations of trade-dress infringement have damaged Dickerson's relationship with his sole direct customer: Amazon.com. These allegations create a justiciable controversy for which declaratory, injunctive, and damages relief is warranted.

**FACTS**

***The Parties' Product Offerings on Amazon.com***

23. Until recently, Dickerson and Valtech have competed in the market for children's magnetic play tiles.

24. Dickerson's lone sales channel and direct customer was Amazon.com. Before Amazon.com removed Dickerson's online advertisement for the 100-piece set Connectics Tiles, the website displayed them as follows:

---

[1] https://www.amazon.com/gp/help/customer/display.html?ie=UTF8&nodeId=201361050 (last visited August 30, 2017).



25. The Connectics Tiles, like the Magna-Tiles®, are a STEM toy—ones designed to stimulate a child's interest in science, technology, engineering, and math. A true and correct copy of the Removed Connectics Tiles Online Advertisement is attached as *Exhibit 1*.

26. The product description that Dickerson used for the Connectics Tiles promoted the toy's ability to help children "develop a strong sense of color and geometrical shapes as they build from their imagination." (Ex. 1).

27. Dickerson further described the Connectics Tiles as ones that "inspire[] creativity and brain development with 100's of possibilities for children to create architectural designs and geometrical shapes." (Ex. 1).

28. Dickerson also indicated that the toys were "suitable for children 3 years of age and older" and that they were "BPA Free." (Ex. 1).

29. Valtech sells its play tiles through Amazon.com. An online advertising image for the 100-piece Magna-Tiles® set currently appears on Amazon.com as follows:



30. Valtech, in its product description for the "Magna-Tiles Clear Colors 100 Piece Set," notes that the set contains a variety of different shapes (large and small squares, different types of triangles). It further states that the tiles "are sized just right and easy to use, whether creating designs on a flat surface or building in 3-D."[2]

31. Valtech also sells Magna-Tiles® in a 32-piece set. The product description for this set, in part, states:

> "Each tile has magnets along it's (sic) edges. The secret is the unique ability to attract even when the tiles are flipped. They always connect!
>
> Sized just right and easy to use, Magna-Tects (sic) develop fine motor skills as they start by stacking, making flat patterns, and 3-D Shapes, and with time, create complex Magna-Tiles Creations."[3]

---

[2] https://www.amazon.com/Magna-Tiles-Clear-Colors-100-Piece/dp/B000CBSNRY/ref=sr_1_1?m=A1K52LJD2OW7I7&s=merchant-items&ie=UTF8&qid=1504133103&sr=1-1#feature-bullets-btf (last visited September 12, 2017).
[3] https://www.amazon.com/Magna-Tiles-Clear-Colors-32-pc-Set/dp/B000CBSNKQ/ref=sr_1_2?m=A1K52LJD2OW7I7&s=merchant-items&ie=UTF8&qid=1504133103&sr=1-2 (last visited September 12, 2017).

*Valtech's Initial Complaints of Trade-Dress Infringement on Amazon.com*

32. Amazon.com enables intellectual-property owners to report infringement by completing and submitting an online template form. In particular, a rights-owner can visit the page located at https://www.amazon.com/gp/help/reports/infringement and lodge allegations of infringement.

33. On August 26, 2016, Valtech's counsel, Patrick J. Arnold, Jr. ("Arnold"), visited Amazon.com and reported infringement for three sellers on Amazon.com (collectively, the "August 26 Reported Infringements").

34. In completing the August 26 Reported Infringements, Arnold was acting as the legal representative for Valtech. True and correct copies of the August 26 Reported Infringements are attached as *Exhibit 2*.

35. Upon information and belief, Valtech believed each of these sellers—Mag-wisdom, Jolly Cradle, and Magnomagic—offered competing play tiles for sale through Amazon.com.

36. Upon further information and belief, Amazon.com did not respond to Valtech or remove any of the competing seller's online advertisements, which were the subject of the August 26 Reported Infringements, before at least November 18, 2016.

37. On November 18, 2016, Arnold wrote a letter to Amazon.com's General Counsel and Secretary. A true and correct copy of this November 18 Letter is attached as *Exhibit 3*.

38. In this November 18 Letter, Arnold represented that Valtech had a protectable trade dress in "an interior spoke-like design that differs depending on the shape of the

8

tile; smooth, single-planar surfaces; and corner rivets." (Ex. 3, at p. 1).

39. Referencing the lawsuit *Valtech, LLC v. 18th Avenue Toys Ltd.*, No. 1:14-cv-00134 (N.D. Ill., Judge Kocoras), Arnold stated that "Valtech's valid, protectable, distinctive, and non-functional trade dress is demonstrated by a consent judgment against prior infringers, which was entered in April 2016." (Ex. 3, at p. 1).

40. Arnold then identified three separate sellers—Mag-wisdom, Jolly Cradle, and Magnomagic—as ones that had copied the claimed Valtech trade dress. These sellers were the same ones about which Valtech lodged the August 26 Reported Infringements.

41. One of sellers, according to Arnold, had advertised on Amazon.com using Valtech's registered Magna-Tiles® mark. And the same seller, Arnold claimed, even used a Valtech copyrighted image in the product display. (Ex. 3, at p. 2). Arnold then told Amazon.com that all three sellers failed to include certain information as was supposedly required by the Consumer Product Safety Act. (Ex. 3, at p. 3).

42. The November 18 Letter included (as its "*Exhibit B*") copies of the August 26 Reported Infringements and demanded that Amazon.com immediately remove each of the online advertisements for the play tiles offered by Mag-wisdom, Jolly Cradle, and Magnomagic. (Ex. 3, at p. 4).

43. Nowhere did the November 18 Letter mention Dickerson or the Connectics Tiles.

**Valtech Claims the Connectics Tiles are "Counterfeit"**

44. Arnold, as Valtech's counsel, again wrote Zapolsky on June 2 and June 7, 2017. On at least the latter occasion, Arnold referenced the Connectics Tiles advertisement on Amazon.com.

45. In pertinent part, Arnold's June 7 letter states as follows:

**Re:    Trade Dress Infringement of Valtech, LLC's "Magna-Tiles"**
**Trademark and Copyright Infringement**
**Violation of the Consumer Product Safety Act**

Dear Mr. Zapolsky:

As a supplement to my recent letter to you dated June 2, 2017, my client Valtech Inc., has identified three more counterfeiters selling on Amazon.

The applicable links are as follows:

https://www.amazon.com/Connectics-Magnetic-Educational-Inspirational-Recreational/dp/B01M1JZE57/ref=sr_1_1?ie=UTF8&qid=1496847801&sr=8-1-spons&keywords=connectics+magnetic+play+tiles&psc=1;

46. The particular webpage identified in Paragraph 45 is for the Connectics Tiles. Indeed, Dickerson's unique ASIN (B01M1JZE57) appears in the hyperlink displayed. A true and correct copy of the June 7 Letter is attached as *Exhibit 4*.

47. Upon information and belief, Valtech (on its own or through counsel) never has explained to Amazon.com why the Connectics Tiles infringe on either Valtech's trademark or copyrights. Nor has it identified any "violation" of the Consumer Product Safety Act. And never has Valtech offered specific facts to Amazon.com to justify its claim that Dickerson is a "counterfeiter" or that the Connectics Tiles are counterfeit products.

48. Upon further information and belief, Valtech (through its counsel) completed an online infringement report through Amazon.com, similar to those contained in the August 26 Reported Infringements, in which Valtech claimed the Connectics Tiles infringed on Valtech's claimed trade dress.

49. Dickerson then received two separate "policy warnings" from Amazon.com,

which generated two "Complaint IDs." The identifiers provided to Dickerson were Nos. 99110851 and 990686441.

50. On June 14, one week after Arnold (on Valtech's behalf) sent the June 7 Letter to Amazon.com, an unnamed person from Amazon "Seller Support" contacted Dickerson by e-mail.

51. Amazon.com's representative noted that Dickerson's ASIN: B01M1JZE57 had been blocked since the rights owner

> "has filed an infringement complaint for using the name 'Magna-tiles.' We took this action because we were notified by a rights owner that these items allegedly infringe their intellectual property rights."

A true and correct copy of the June 14 Amazon Seller Support E-Mail is attached as *Exhibit 5*.

52. In fact, at no point has Dickerson ever used the Magna-Tiles® name to advertise or sell the Connectics Tiles, as the unnamed Amazon.com employee claimed in the June 14 e-mail. And never has Valtech accused Dickerson directly of using the Magna-Tiles® name in promoting the Connectics Tiles online.

53. Amazon.com then suggested that "to resolve this dispute," Dickerson should contact Arnold, the party Amazon.com described as the "rights owner." (Ex. 5).

54. Despite his best efforts, Dickerson has been unable to obtain any sort of a retraction from Valtech of its submitted online complaint.

55. Indeed, on June 23, Arnold told Dickerson's then-counsel in an e-mail that "we have NO intent to retract anything."

11

56. Amazon.com, for its part, has refused to let Dickerson relist the Connectics Tiles advertisement online unless Valtech submits a retraction of its prior intellectual property infringement complaint.

57. On information and belief, Amazon.com lacks the capacity or incentive to assess allegations of trade-dress infringement made by one seller against another seller of a competing product.

58. Instead, Amazon.com's default response is to remove the allegedly offending listing, encourage the accused party to "resolve" the dispute with the complainant, and avoid liability for contributory trademark infringement under *Inwood Labs., Inc. v. Ives Labs., Inc.*, 456 U.S. 844 (1982).

### *The Functionality of Valtech's Claimed Trade Dress*

59. Valtech has described to Amazon.com its "valid, protectable, distinctive, and non-functional trade dress" as follows:

> "…an interior spoke-like design that differs depending on the shape of the tile; smooth, single-planar surfaces; and corner rivets."

(Ex. 3, at p. 1).

60. Each of the three elements of the claimed product-design trade dress is functional and therefore not protectable under the Lanham Act.

*"Interior spoke-like design…"*

61. *First*, the "interior spoke-like design that differs depending on the shape of the tile" provides needed support between the two plastic pieces that comprise the front and back of each Magna-Tiles® toy. Two pieces of plastic are essential to the toys'

function, so that the toys themselves can house magnets. This interior plastic also provides rigidity and prevents children from breaking the toys.

"*smooth, single-planar surfaces…*"

62. *Second*, the "smooth, single-planar surface" simply means the tiles are flat, as opposed to oval or another shape that will not sit flush on a table or other playing surface.

63. Valtech's own product descriptions recognize the functionality of the flat, or single-plane, shape of the Magna-Tiles®. For its 100-piece set, Valtech states that the Magna-Tiles® "are sized just right and easy to use, whether creating designs *on a flat surface* or building in 3-D."[4] For its 32-piece set, Valtech says the following about its product design: "Sized just right and easy to use, Magna-Tects (sic) develop fine motor skills *as they start by stacking, making flat patterns*, and 3-D Shapes, and with time, create complex Magna-Tiles Creations."[5]

64. The flat shape of the Magna-Tiles® is also functional because it allows children (or, more realistically, their parents) to stack and store the toys efficiently.

65. Finally, a flat tile is a competitive necessity because any other planar shape would limit children's options in creating architectural designs with the toys and would result in impractical packaging options for the seller.

---

[4] https://www.amazon.com/Magna-Tiles-Clear-Colors-100-Piece/dp/B000CBSNRY/ref=sr_1_1?m=A1K52LJD2OW7I7&s=merchant-items&ie=UTF8&qid=1504133103&sr=1-1#feature-bullets-btf (last visited September 12, 2017).
[5] https://www.amazon.com/Magna-Tiles-Clear-Colors-32-pc-Set/dp/B000CBSNKQ/ref=sr_1_2?m=A1K52LJD2OW7I7&s=merchant-items&ie=UTF8&qid=1504133103&sr=1-2 (last visited September 12, 2017).

*"corner rivets…"*

66. *Third*, the "corner rivets" hold the top and bottom plastic pieces of the Magna-Tiles® together. The two pieces of plastic, held together by these rivets, house the magnets themselves which are the core functional aspect of the Magna-Tiles® toys.

### Justiciable Controversy

67. Valtech, through the position it has taken with Amazon.com and Dickerson, contends that these product-design elements are protected trade dress. Dickerson believes otherwise and contends each element of the asserted trade dress is functional and not protectable under *Section 43(a)(3)* of the Lanham Act. Valtech, through Arnold, has refused to retract the complaints it has lodged through Amazon.com.

68. An actual, justiciable controversy, therefore, exists between Dickerson and Valtech regarding the validity of Valtech's claimed trade dress, as well as its false infringement complaint to Amazon.com.

### COUNT I – DECLARATION OF NON-INFRINGEMENT; LANHAM ACT, § 43(A)(3)

69. Dickerson repeats and restates his allegations from Paragraphs 1 through 68 as his allegation for this Paragraph 69.

70. Valtech claims to own valid, protectable, and non-functional trade dress in its Magna-Tiles®, specifically the following:

> "…an interior spoke-like design that differs depending on the shape of the tile; smooth, single-planar surfaces; and corner rivets."

(Ex. 3, at p. 1).

71. Each claimed product design feature is functional and therefore not protectable

as trade dress under the Lanham Act. 15 U.S.C. § 1125(a)(3).

72. Valtech has alleged to Amazon.com that it has valid, non-functional trade dress as described in Paragraph 70. Valtech further has filed an online complaint and claimed that the Connectics Tiles infringe on this claimed trade dress.

73. Valtech's use of the Amazon.com complaint procedure has proximately caused Amazon.com to remove the product advertisement for the Connectics Tiles.

74. Amazon.com will not reinstate this product advertisement online unless Dickerson resolves the complaint with Valtech.

75. Valtech has told Dickerson it will not retract its complaint of trade-dress infringement.

76. A substantial, immediate, and real controversy exists between Dickerson and Valtech regarding whether Valtech's asserted trade dress is valid and non-functional.

77. A judicial declaration is necessary to determine what rights, if any, Valtech has to its claimed trade dress.

78. Dickerson, therefore, seeks a declaratory judgment that Valtech's claimed trade dress is functional and therefore not protectable under *Section 43(a)(3)* of the Lanham Act.

79. Dickerson also seeks a declaratory judgment that the Connectics Tiles do not infringe on Valtech's claimed trade dress.

80. Dickerson further requests entry of a preliminary and permanent injunction, in aid of declaratory relief, that:

     a.   Prevents Valtech from claiming protectable trade-dress rights over the

following product design elements of the Magna-Tiles®: an interior spoke-like design that differs depending on the shape of the tile; smooth, single-planar surfaces; and corner rivets;

b.  Prevents Valtech from representing to third-parties that the Connectics Tiles infringe any trade-dress rights Valtech otherwise claims; and

c.  Orders Valtech to submit a retraction to Amazon.com of its prior complaint of trade-dress infringement against Dickerson and the Connectics Tiles.

### COUNT II – ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT

81. Dickerson repeats and restates his allegations from Paragraphs 1 through 68 as his allegation for this Paragraph 81.

82. *Section 2(a)(8)* of the Illinois Uniform Deceptive Trade Practices Act ("DTPA") provides that a "person engages in a deceptive trade practice when, in the course of his or her business, vocation, or occupation, the person…disparages the goods, services, or business of another by false or misleading representation of fact." 815 ILCS 510/2(a)(8).

83. Valtech has engaged in a deceptive trade practice by disparaging the business that Dickerson operates on Amazon.com for the sale of Connectics Tiles.

84. Valtech's assertion that the Connectics Tiles were "counterfeit" (or that the seller of those toys was a "counterfeiter") is a false or misleading representation of fact.

85. A "counterfeit" good, for purposes of the Lanham Act, is a "spurious mark which is identical with, or substantially indistinguishable from, a registered mark." 15 U.S.C. § 1127.

16

86. Dickerson never has used any registered mark of Valtech (or any other person) in any advertisement, promotion, or sale of the Connectics Tiles.

87. Dickerson is not a "counterfeiter," and the Connectics Tiles are not "counterfeit" products.

88. Valtech's statements to Amazon.com that the Connectics Tiles were "counterfeit" (or that the seller of those toys was a "counterfeiter") further has disparaged the quality of the Connectics Tiles, as third-parties like Amazon.com reasonably would associate that term with a product of substandard quality or authenticity. Those statements are false or misleading representations of fact, as the Connectics Tiles are not counterfeit goods in any respect.

89. At all times pertinent, Arnold was acting for and on behalf of Valtech in making certain false and misleading statements of fact to Amazon.com concerning Dickerson's business and the products Dickerson sold.

90. Under *Section 3* of the DTPA, the court may grant injunctive relief on terms that the court considers reasonable. 815 ILCS 510/3.

91. Dickerson requests entry of a preliminary and permanent injunction that prevents Valtech from claiming to any third-party that Dickerson is a "counterfeiter" or that the Connectics Tiles are "counterfeit" goods.

92. Dickerson further requests an award of reasonable attorneys' fees and costs under *Section 3* of the DTPA. 815 ILCS 510/3.

### COUNT III – INTENTIONAL INTERFERENCE WITH BUSINESS ADVANTAGE

93. Dickerson repeats and restates his allegations from Paragraphs 1 through 68 as

17

his allegation for this Paragraph 93.

94. Dickerson had a reasonable expectation of continuing to sell the Connectics Tiles through Amazon.com, a leading online retailer.

95. Valtech had knowledge of Dickerson's business expectancy because it viewed the online advertisement for the Connectics Tiles and contacted Amazon.com to lodge a complaint of trade-dress infringement.

96. Valtech purposefully interfered with Dickerson's legitimate business expectancy in continuing to sell the Connectics Tiles through Amazon.com.

97. Valtech's online complaint of trade-dress infringement prevented Dickerson from continuing to sell the Connectics Tiles through Amazon.com.

98. Valtech's representations to Amazon.com were not justified, were motivated by malice, and were wrongful. In particular, Valtech claimed the seller of the Connectics Tiles (Dickerson) was a "counterfeiter" when it knew that representation was false. Furthermore, Valtech knew or should have known that its claimed trade dress was entirely functional and not protectable under the Lanham Act.

99. Valtech's representations were the proximate cause of Amazon.com's suspension and removal of the Connectics Tiles online advertisement.

100.    Dickerson has incurred damages directly resulting from Valtech's interference with business expectancy, in that he has been unable to sell the Connectics Tiles to end-user customers through Amazon.com's prominent, oft-visited website.

101.    Dickerson requests entry of a judgment awarding him lost profits damages in an amount to be determined at trial.

\*\*\*

## JURY DEMAND

Dickerson requests a trial by jury on all issues so triable.

\*\*\*

Dated:  September 12, 2017

Respectfully submitted,

GLENN DICKERSON,

By his attorneys,

/s/Kenneth J. Vanko

Kenneth J. Vanko, ARDC No. 6244048
  vanko@ccmlawyer.com
CLINGEN CALLOW & McLEAN, LLC
2300 Cabot Drive, Suite 500
Lisle, Illinois 60532
Phone: (630) 871-2600